UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE CRAIG S. ROMANZI,
Debtor.

KENNETH A. NATHAN
Appellant,

v.

FIEGER & FIEGER P.C., ET AL.,
Appellees.
_____/

Case No. 17-cv-12303

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING PLAINTIFF-APPELLANT'S APPLICATION FOR LEAVE TO APPEAL [1]**

**I. INTRODUCTION**

This case stems from an involuntary bankruptcy proceeding filed against Craig S. Romanzi ("Debtor") on March 16, 2016. The bankruptcy trustee of Romanzi, Kenneth A. Nathan ("Plaintiff-Appellant" or "Trustee") seeks recovery of an attorney fee that he alleges Fieger & Fieger, P.C. and Geoffrey N. Fieger ("Defendants-Appellees") wrongfully retained. Plaintiff-Appellant claims the attorney fee is an asset of the bankruptcy estate.

Plaintiff-Appellant filed a notice of appeal with the Bankruptcy Court on July 13, 2017. Dkt. No. 1, p. 1 (Pg. ID 1). Plaintiff-Appellant's appeal concerns the

Bankruptcy Court's June 29, 2017 order denying Plaintiff-Appellant's Renewed Motion for Summary Judgment.[1]

As a preliminary matter, the Court must rule on Plaintiff-Appellant's Motion for Leave to Appeal the Bankruptcy Court's interlocutory order. Dkt. No. 1, pp. 7–34 (Pg. ID 7–34). Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the matter on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Court **DENIES** Plaintiff-Appellant's Motion for Leave to Appeal [1], and **DISMISSES** and **REMANDS** these proceedings to the United States Bankruptcy Court for the Eastern District of Michigan.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court previously recited the facts pertinent to this case in the several other appeals brought by parties in this bankruptcy proceeding. *See In re Romanzi*, No. 16-CV-13986, 2017 WL 395289, at *1–2 (E.D. Mich. Jan. 30, 2017), *reconsideration denied*, No. 16-CV-13986, 2017 WL 1130091 (E.D. Mich. Mar. 27, 2017). For the sake of brevity, the Court will not repeat them again here.

## III. LEGAL STANDARD

The jurisdiction of a district court to hear appeals from bankruptcy courts is conferred by 28 U.S.C. § 158(a), which provides:

---

[1] The Court is unable to cite to the page of the Bankruptcy Court's order because no exhibits were attached to the application for leave to appeal.

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a). Plaintiff-Appellant acknowledges that the present appeal arises from an interlocutory order, requiring leave of court for jurisdiction in the district court. *See* 28 U.S.C. § 158(a)(3); Dkt. No. 1, p. 14 (Pg. ID 14).

## IV. DISCUSSION

### A. The Court Declines to Exercise Jurisdiction Under 28 U.S.C. § 158(a)(3)

Under 28 U.S.C. § 1292(b), a district court may hear an interlocutory appeal if "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006) (Hood, J.) (quoting *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). "Because interlocutory appeals contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it, review under § 1292(b)

should be sparingly granted and then only in exceptional cases." *In re Hayes*, 453 B.R. 270, 274–75 (E.D. Mich. 2011) (internal quotation marks and citations omitted).

After reviewing the pleadings in this appeal and the summary judgment hearing transcript attached to Plaintiff-Appellant's reply brief, *see* Dkt. No. 5-1, it is clear that the Bankruptcy Court's order did not involve a controlling issue of law. Similarly, the Court finds from the bankruptcy court transcript that there is not a substantial ground for a difference of opinion as to the motion for summary judgment. As the bankruptcy court correctly noted, there are clearly issues of fact regarding the relevant circumstances in this case, particularly because no formal discovery has yet commenced. *See* Dkt. No. 5-1. Such issues of material fact prevent a court from granting summary judgment. *See* FED. R. CIV. P. 56; *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). This is because the court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving parties, Defendants-Appellees. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Further, the decision to grant Defendants-Appellants summary judgment on Counts V and VII is not one upon which there could be a substantial ground for difference of opinion, based on existing law. *See* Dkt. No. 5-1, pp. 24–31 (Pg. ID 337–44); Dkt. No. 5-1, pp. 42–44 (Pg. ID 355–57).

Finally, although an award of summary judgment on all claims would allow an earlier conclusion to this litigation, it is not legally permissible under established precedent on motions for summary judgment. The issues upon which this appeal is premised, like the prior appeals in this bankruptcy proceeding, are not exceptional and do not warrant an interlocutory appeal.

## V. Conclusion

Accordingly, based on the above, the Court **DENIES** Plaintiff-Appellant's Motion for Leave to Appeal [1] the Bankruptcy Court's interlocutory order. This case is **DISMISSED** and **REMANDED** to the United States Bankruptcy Court for the Eastern District of Michigan.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to transmit a copy of this opinion and order to counsel of record herein and to the Clerk of the United States Bankruptcy Court for the Eastern District of Michigan.

Dated: August 15, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge